Leaeneo, P. J.
This case presents the same questions which were passed upon by us on the former appeal. 43 Sup. Ct. Eep.; 36 Hun, 468.
The learned justice who first tried the case, held with the plaintiff on all material points, except that he thought that specific performance could not be granted. He held that the defendant was bound by the contract, and had broken it, and that damages would not adequately compensate. We held further that this was a case where the court could and should grant specific performance. The case has now been re-tried upon that view, and such performance has been decreed.
We see no reason to change our former decision. The defendants have taken, and still hold, possession of plaintiff’s land, under written propositions made by plaintiff’s testator and accepted by defendants, or by Burt, their agent, or the person to whose rights of possession the defendants succeeded.
Olearly they are bound by these accepted propositions. If they had not intended to accept them they should have surrendered possession of the land.
Then the question is, can the plaintiff be adequately compensated for the breach of defendant’s contract by damages? We still think they cannot. It is hardly possible to measure the damages. And, in equity, the defendants, who have obtained possession and enjoy it upon a promise to do certain things upon the land which are for plaintiff’s benefit, should be required to do them.
We examined with care in our former decision, and cited many authorities upon the question, whether the things to be done were of such a nature, or so definite that equity can properly decree a specific performance. We were satisfied that upon principle and authority it might be declared.
The decree requires the defendants to do these things within a certain time therein specified, and in default thereof it restrains defendants from entering upon or crossing the lands of plaintiffs of which the defendants are. now in possession. This is just. If the defendants do not choose to fulfill their contract they ought not to use plaintiffs’ land.
If they do perform, then plaintiffs are to convey. And that conveyance is to be upon condition that all regular trains running across the land shall stop at the station. *745 This does not require defendant to run any trains, but only to stop such regular trains as they may run.
It is not necessary for us to refer to the authorities cited in our former opinion.
Something has been said by the defendants on this and on the former appeal about the contract being oral. In fact the propositions were in writing, signed by the owner of the land. 2 E. S., 135, § 8.
They were accepted by defendants, who, by virtue thereof, went into possession and partly performed it. Section 10.
That the contracts are binding on them seems clear to us.
Another point discussed on the former argument, and again on this, is whether the agreement was not too indefinite to be enforced. The agreement was to erect a neat and tasteful station building for the accommodation of passengers. Now it can hardly be doubted that for the breach of an agreement to erect such a building damages might be recovered. It is not so indefinite, therefore, that there could be no remedy whatever. Indeed, by the contract made between the defendants and Burt (who was to construct the railroad), he agreed to build a station at the Empire Spring park, at the Excelsior Spring park (which is the one in question) and at the Spring park; “the
stations to be built in a neat, tasty, ornamental style.” And that language seems to have been considered by those parties as sufficiently definite.
It further appeared upon this trial that a station had been built at the Empire Spring park and the Spring park, so that there was practical evidence what the remaining station, that in question, should be. The defendants might justly be required to build a station like those built by them in similar situations. .
We refer to our former opinion for a fuller discussion of the points raised by defendants.
Judgment affirmed, with costs.
Bockes and Landon, JJ., concur.